JACOB HAAG *et al.*, Respondents, *v.* CHARLES HILLEMEIER, Appellant.

*Court of Appeals, June 3, 1890.*

Affirming 47 Hun, 636.

1. *Evidence. Parol.*—Where a building contract specifies that the work shall be done agreeably to drawings and specifications made and signed by the said parties and hereunto annexed, and there were no specifications signed by the parties, annexed to, or definitely identified by, the contract, oral evidence to show what specifications were actually agreed upon by the parties, is competent.

2. *Appeal. Issues of fact.*—Defects and omissions in the performance of a contract, whether of much or little importance, are, upon conflicting evidence, issues of fact for the determination by the trial court, subject to the review of the general term, but not reviewable in the court of appeals.

3. *Same.*—Where an issue of fact has been determined in the plaintiff's favor, upon three trials, by a jury, referee and the court respectively, the general term very properly refuses to exercise its discretion and set aside a judgment as against the evidence.

Appeal from judgment of the general term of the supreme court, affirming a judgment entered upon the decision of the court.

*Joseph S. Wood*, for respondents.

*Henry W. Hayden*, for appellant.

FOLLETT, Ch. J.—The plan and specifications in evidence were, prior to the execution of the contract, submitted to the plaintiffs and others for the purpose of obtaining prices at which they would do the work. The plaintiffs testified that they offered to do the work in accordance with the specifications for $1,635, and for $1,600 if the provisions in respect to the foundations under the cellar floors were omitted, and that the defendant accepted of the offer to have the work done for $1,600 without the foundations. This the defendant denied, but the trial court found this issue in favor of the plaintiffs, and the finding is binding upon this court if the evidence upon which it is based is competent. The defendant objected to the admission of oral evidence to establish this issue, on the ground that it was at variance with the written contract. The contract signed by the parties refers to the specifications in these words : " To well and sufficiently erect and finish three new buildings. . . . . agreeably to the drawings and specifications made by and signed by the said parties and hereunto annexed."

It is agreed by the litigants, and found by the court, that no plans or specifications were annexed to the contract or signed by the parties, to it. It is also found that the proposed specifications on which the bids were received and which were put in evidence were not those which were agreed to when the contract was entered into. No specifications being signed by the parties, annexed to the contract, or definitely identified by the contract, the court committed no error in receiving oral evidence to show what specifications were actually agreed on by the parties. On the trial the de-

fendant admitted that the work performed by the plaintiffs was well done, that the houses had neither settled nor cracked and his defense was based solely on the claim that the plaintiffs had omitted to do certain work mentioned in the specifications and in the manner prescribed therein. It was found, on conflicting testimony, that some of the specifications were modified by the mutual agreement of the parties while the plaintiffs were engaged in executing the contract, but that they had failed to exactly perform other specifications, and by reason thereof the defendant had been damaged in the sum of fifty dollars, which was deducted from the contract price. It was found as a fact, that the contract had been substantially performed, which fact was so found by a jury on the first trial, and by a referee on the second trial. Whether the defects and omissions complained of were of much, or of little importance, were, under the evidence disclosed in the record, issues of fact, for determination by the trial court, subject to the review of the general term; and there being some evidence tending to sustain the findings, they cannot be overthrown in this court. The defendant complains that the second and third judgments of the general term are inconsistent. The second judgment, founded on the report of a referee, was set aside substantially on the ground that the referee had erroneously determined on the evidence that the contract had been substantially performed. The third trial resulted in a like finding, and we think the general term very properly refused to again exercise its discretion and set aside a judgment as against the evidence, after the issue of fact had been determined in the plaintiff's favor by a jury, by a referee and by the court.

The judgment should be affirmed, with costs.

All concur, except HAIGHT, J., absent.